UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEAH MOHAMMED, | : | 3:23-cv-757 (SVN) |
|     *Petitioner*, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN STOVER, FCI DANBURY, | : | |
|     *Respondent*. | : | November 6, 2023 |

**RULING ON PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Petitioner Aleah Mohammed filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") calculation or application of time credits relevant to her sentence. *See* Pet., ECF No. 1 at ¶¶ 6, 13. She claims that if all her time credit were properly applied to her sentence, she would be immediately eligible for supervised release. *Id.* at ¶ 15. Following her initial submission, Petitioner filed a memorandum or supplemental motion for writ of habeas corpus. Pet'r Suppl. Mem./Mot., ECF No. 6. The supplemental petition did not raise any new claims, but detailed programming Petitioner claimed to have completed to earn her uncredited time credits. *Id.* Respondent, the Warden of the Federal Prison Camp ("FCP") in Danbury, Connecticut, where Petitioner is housed, contends that the BOP has properly calculated Petitioner's sentence, applied her prior custody credit, and is properly calculating her time credits. Resp., ECF No. 8.

For the following reasons, the Court agrees with Respondent and thus DENIES the petition for a writ of habeas corpus.

    **I.**    **BACKGROUND**

On April 21, 2021, Petitioner pleaded guilty in the Eastern District of New York to mail fraud, health care fraud, and conspiracy to commit health care fraud, in violation of 18 U.S.C.

§§ 1341, 1347, and 1349.  ECF No. 8-1 at 10.  Petitioner was sentenced to a 78-month term of imprisonment with a two-year term of supervision on April 13, 2022.  ECF No. 8-2.  Prior to her sentencing on April 13, 2022, Petitioner was in pretrial custody on the following dates:  July 2, 2018, February 12, 2019, and September 23, 2020, through April 12, 2022.  Sentence Monitoring Computation Data ("SMCD"), ECF No. 8-4 at 2.  From April 13, 2022, until she arrived at her designated facility—the Federal Medical Center ("FMC") in Carswell, Texas—on October 4, 2022, Petitioner was in the custody with the United States Marshals Service at two facilities operated by the Bureau of Prisons ("BOP"):  the Metropolitan Detention Center in Brooklyn, New York, and the Federal Transfer Center in Oklahoma City.  Stokes Decl., ECF No. 8-3 at ¶¶ 16-17.

Petitioner has a full-term release date of March 23, 2027, absent any application of good conduct time, credit under the First Step Act ("FSA"), or any other incentives.  SMCD at 3.

## II.   LEGAL STANDARD

A federal prisoner may petition for habeas relief if she is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of [her] sentence, but challenges instead its execution subsequent to [her] conviction."  *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).  Thus, § 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations.  *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *Dailey v. Pullen*, No. 3:22-cv-1121 (SRU), 2023 WL 3456696, at *2 (D. Conn. May 15, 2023) (considering a challenge to First Step Act time credit calculation on a § 2241 petition).

Petitioner contends that she was not appropriately credited for 365 days between September 23, 2020, and April 12, 2022, as "federal time credits" ("FTC" credits); for 915 "accrued program days"; and for 60 days between September 1, 2022, and February 1, 2023, under the FSA. Pet. at 6.

The FSA encourages federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs") by providing time credits to an inmate who successfully participates in such programs. *See* 18 U.S.C. § 3632(d)(4)(C); 28 C.F.R. § 523.40(b); *Dailey*, 2023 WL 3456696, at *2. An inmate's initial risk and needs assessment is ordinarily completed within 28 days of her arrival at the designated facility. *See* BOP Program Statement 5410.01, CN-2, at 12 § 5.[1] Inmates are reassessed throughout the remainder of their incarceration approximately every 180 days, unless an inmate is within one year of release, in which case they occur every 90 days. *Id.* at 13; *see* 28 C.F.R. § 524.11(a). BOP regulations provide that an eligible inmate begins earning FSA time credits after the date the inmate arrives at the designated BOP facility. 28 C.F.R. § 523.42(a); *see also Szanyi v. Pullen*, Case No. 3:22-cv-1253 (KAD), 2023 WL 1108469, at *2, n.1 (D. Conn. Jan. 30, 2023) ("[t]he regulations specifically exclude time an inmate is not confined in a BOP facility from the calculation.") (citing C.F.R. § 523.41(c)(4)). An inmate classified as minimum or low risk of recidivism earns either 10 or 15 days of FSA time credits for every thirty days of successful participation in EBRRs or PAs. 18 U.S.C. § 3632(d)(4)(A).[2]

---

[1] Available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf. (last accessed November 6, 2023). *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (court may "take judicial notice of relevant matters of public record.")

[2] Eligible inmates who successfully complete EBRRs and PAs earn 10 days of time credits for every 30 days of successful participation pursuant to 18 U.S.C. § 3632(d)(4)(A)(i). An eligible inmate who has been determined by the BOP to be at a minimum or low risk for recidivating over two consecutive assessments earns 15 days of time credits for every 30 days of successful participation pursuant to 18 U.S.C. § 3632(d)(4)(A)(ii).

When an inmate has earned FSA time credits "in an amount that is equal to" the remainder of the inmate's term of imprisonment, and when certain other requirements are met, the BOP applies the time credits toward the inmate's early release.  18 U.S.C. § 3624(g)(1)(A).  In other words, the inmate is not "eligible" for application of his FSA time credits until the number of credits equals the number of days remaining in his sentence.  *See id.*; *Dailey*, 2023 WL 3456696, at *4 ("As a result, although an individual may earn FSA time credits on an on-going basis, the individual is not eligible to have FSA credits applied until the time credits are equal to the individual's pending term of imprisonment.").  This is because an inmate may lose FSA time credits for various reasons, including violation of the requirements or rules of an EBRR Program or PA.  28 C.F.R. § 523.43.

The application of FSA time credits enables an inmate to be transferred earlier than the completion date of her sentence to prerelease custody, such as home confinement or placement at a residential reentry center, or to supervised release.  *See* 18 U.S.C. § 3624(g)(2) and (3); 18 U.S.C. § 3632(d)(4)(C); *see also Saleen v. Pullen*, No. 3:23-cv-147 (AWT), 2023 WL 3603423, at *1 (D. Conn. Apr. 12, 2023) ("Prelease custody can be in the form of either home confinement or transfer to a residential reentry center.").  If the inmate has a term of supervised release imposed as part of their sentence, "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months."  *See* 18 U.S.C. § 3624(g)(3).

### III. DISCUSSION

Petitioner challenges: (1) the application of Petitioner's prior custody credit for her sentence calculation; and (2) the BOP's calculation and application of her earned FSA time credits. Because the Court finds Petitioner's claims without merit, the Court denies the petition.

#### A. Application of Prior Custody Credit

Petitioner first argues that she was denied credit for her pretrial custody between September 23, 2020, and April 12, 2022, but the record does not support this claim. Pursuant to 18 U.S.C. § 3585(b), Petitioner received 569 days of prior jail credit for the following dates: July 2, 2018; February 12, 2019; and the days between September 23, 2020, through April 12, 2022.[3] Stokes Decl. at ¶ 5; SMCD at 2. In addition, Petitioner has received at least 84 good conduct time credits, and is projected to earn 324 days of good conduct time under 18 U.S.C. § 3624(b).[4] *Id.* at 3. Petitioner's projected release date with her good conduct time is May 3, 2026. *Id.*

Petitioner was not entitled to earn FSA time credits prior to October 4, 2022, when she completed her BOP risk and needs assessment upon arrival at FMC Carswell. *See* Stokes Decl. at ¶¶ 16-17; *see also* FSA Time Credit Assessment ("FSA TCA") at 2, ECF No. 8-5; Inmate Assignment/Release History, ECF No. 8-6; *see also* 28 C.F.R. § 523.42(a) ("An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the

---

[3] Section 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time [she] has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

[4] Under section 3624(b), "a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations."

date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served).").

Accordingly, the record fails to substantiate that Petitioner was wrongfully deprived of any time credit prior to commencement of her BOP custody at FMC Carswell on October 4, 2022.

### B. Calculation of FSA Time Credits

On October 4, 2022, Petitioner became eligible to earn FSA time credits after completing the risk and needs assessment. Stokes Decl. at ¶ 16; FSA TCA at 2. After her FSA eligibility commenced, Petitioner earned ten FSA credits for each 30-day period with successful participation in EBRR/PA programming, until January 25, 2023. Stokes Decl. at ¶ 21. Thus, she earned 30 days of FSA time credits between October 4, 2022, and January 25, 2023. *See* FSA TCA at 1.

Petitioner left FMC Carswell on January 25, 2023, after medical staff determined she did not need the level of medical care provided at a federal medical center. Stokes Decl. at ¶ 18. On February 1, 2023, Petitioner arrived at FPC Danbury, her new designated facility. *Id.* But Petitioner was not eligible to earn FSA time credits during the seven days between January 25 and February 2, 2023. *See* 28 C.F.R. § 523.41(c)(4)(iii) (inmates are not eligible to earn FSA time credits during the temporary transfer of custody to another federal or non-federal government agency). Thus, Petitioner's FSA Time Credit Assessment disallowed those seven days. FSA TCA at 1.

After Petitioner arrived at FCI Danbury, she was again eligible to earn ten days of FSA time credits for every 30 days of programming and earned a total of 30 days of FSA time credits from February 1, 2023, through April 30, 2023. Stokes Decl. at ¶ 21; FSA TCA at 1.

6

On February 9, 2023, Petitioner had a second risk and needs assessment during the 180-day standardized assessment period following her initial 28-day classification period. Stokes Decl. at ¶ 20. As she was still assessed as a low recidivism risk, Petitioner became eligible to earn 15 days for every 30 days of successful programming on April 30, 2023, which was the end of her 180-day standardized assessment period. *Id.* Thus, she earned 45 FSA time credits for the period from April 30, 2023, to July 31, 2023. *Id.* at ¶ 21; FSA TCA at 1. Contingent upon her remaining eligible, Petitioner can continue to earn 15 days of time credit for every 30 days of programming until her release. As of August 17, 2023, Petitioner had earned a total of 105 FSA time credits. Stokes Decl. at ¶ 21; FSA TCA at 1.

The Court discerns no miscalculation of Petitioner's earned FSA credit after her BOP custody commenced on October 4, 2022.

### C. Application of Earned FSA Time Credits

Petitioner requests application of her time credits. Pet. at ¶ 15. But the FSA states that an inmate cannot apply FSA credits until she "has earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A); *see also Szanyi*, 2023 WL 1108469, at *3 (recognizing that a claim to apply time credits immediately without having earned an amount that is equal to the remainder of her sentence is "without merit"); *Dailey*, 2023 WL 3456696, at *4 ("this Court and other courts construing the [FSA] have uniformly held that law requires the BOP to wait to apply time credits until a prisoner has earned enough time credits to end a custodial sentence immediately upon application"). Petitioner must wait because it is possible she may lose FSA time credits before completion of her sentence. *See* 28 C.F.R. § 523.43(a) ("An inmate may lose earned FSA Time Credits for violation

7

of the requirements or rules of an EBRR Program or PA"); 28 C.F.R. § 541.3 (Table B.2 provides for forfeiture of up to 41 days of earned FSA Time Credits as an available sanction for each prohibited act committed by an inmate). But after an inmate has earned FSA time credits in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment, the inmate's FSA earned time credits can be immediately applied, if the inmate meets all other eligibility requirements, as they would no longer be subject to loss for prohibited acts in the future. *See Milchin v. Warden*, No. 3:22-cv-195 (KAD), 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) (rejecting petitioner's claim seeking to have all credits immediately applied because time credits can be lost).

As previously noted, Petitioner can continue to earn FSA time credits by successfully completing EBRR Programing and PAs in the future so long as she remains eligible. However, Petitioner cannot apply FSA credits at this time. She must first earn credits in an amount that is equal to the remainder of her 78-month imposed term of imprisonment. 18 U.S.C. § 3624(g)(1)(A)*; see also Pujols v. Stover*, No. 3:23-cv-564 (SVN), 2023 WL 4551423, at *2 (D. Conn. July 14, 2023).

As of August 17, 2023, Petitioner had earned 105 FSA credits. Stokes Decl. at ¶ 21. Petitioner's projected release date, via good conduct time, is May 3, 2026. *See* SMCD at 2. Thus, at present, that Petitioner does not have FSA credits in amount that is equal to the remainder of her term of imprisonment. Accordingly, Petitioner's request to have her FSA credits applied immediately is without merit.

## IV.   CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus relief under 28 U.S.C. § 2241 is DENIED. The clerk is instructed to close this case.

The Court denies a certificate of appealability because any appeal from this order would not be taken in good faith.

**SO ORDERED** at Hartford, Connecticut, this 6th day of November, 2023.

                                         */s/ Sarala V. Nagala*
                                         SARALA V. NAGALA
                                         UNITED STATES DISTRICT JUDGE