**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ALEAH MOHAMMED, | ) | 3:23-CV-757 (SVN) |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN STOVER, FCI DANBURY, | ) | |
| *Respondent*. | ) | December 17, 2024 |

**RULING ON MOTION FOR JUDGMENT & PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Sarala V. Nagala, United States District Judge.

In this action, Petitioner Aleah Mohammed brings a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to have Respondent credit her under the First Step Act ("FSA") with three courses she took between the date of her sentencing and the date of her arrival at her designated Bureau of Prisons ("BOP") facility. Petitioner also seeks an order requiring Respondent to release her to home confinement rather than to a Residential Reentry Center ("RRC"). Pet'r Mot. for J., ECF No. 31. Following Petitioner's release to an RRC on May 7, 2024, Respondent now seeks dismissal of Petitioner's petition for lack of subject matter jurisdiction. Resp't Suppl. Br., ECF No. 37. Before the Court are the parties' briefing regarding Respondent's request to dismiss the petition and the Court's order for additional briefing on whether the Court should defer to the BOP's interpretation of its FSA time credits procedure.

For the reasons described below, the Court denies Respondent's request to dismiss the petition, denies Petitioner's writ of habeas corpus petition, and denies Petitioner's request for home confinement.

## I.   PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with its initial order denying Petitioner's petition for a writ of habeas corpus, ECF No. 12, and its order on reconsideration, ECF No. 34. Accordingly, the Court discusses only the additional procedural background necessary for this ruling.

Petitioner is currently in BOP custody, in prerelease placement. Petitioner's release date is May 7, 2026. ECF No. 37 at 2. Operating under the assumption that Petitioner would earn 365 days in FSA time credits toward supervised release, which is the maximum amount that can be applied, Respondent moved Petitioner's release date from May 7, 2026, to May 7, 2025. *Id.* Then, under the Second Chance Act, 18 U.S.C. § 3624(c)(1), the BOP transferred Petitioner on May 7, 2024, to community placement at an RRC. *Id.*

On April 5, 2024, in anticipation of her transfer to community placement, Petitioner requested that the Court enter judgment in her favor, as she believed that, if she was awarded the FSA credits in question, she would be released to her place of residence, rather than to an RRC. ECF No. 31 at 1. On April 23, 2024, as part of its order on reconsideration, the Court ordered additional briefing from the parties to address whether it should grant deference to the BOP's interpretation of its FSA time credits procedure. Order, ECF No. 34. On May 7, 2024, Respondent released Petitioner to an RRC. *See* ECF No. 37 at 2. That same day, Respondent filed its response to the Court's order for additional briefing, in which it argued in part that the Court should dismiss Petitioner's petition as moot due to her community placement. *Id.* at 1–6. Petitioner filed her response to Respondent's briefing on May 28, 2024, arguing that her request for FSA credit was not moot and that she should still be credited for the classes she took between her sentencing and arrival at her designated BOP facility. Pet'r Reply, ECF No. 39 at 2, 9.

On October 6, 2024, Petitioner informed the Court that she was projected to be transferred to home confinement on December 4, 2024. *See* Pet'r Letter, ECF No. 40 at 1. As of the date of this ruling, Petitioner remains on prelease custody, though the Court has not received confirmation that she has been transferred to home confinement, as projected.[1]

## II.    LEGAL STANDARD

A federal prisoner may petition for habeas relief if she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of [her] sentence, but challenges instead its execution subsequent to [her] conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Thus, § 2241 petitions are appropriately used to challenge FSA time credit calculations. *See Dailey v. Pullen*, No. 3:22-cv-1121 (SRU), 2023 WL 3456696, at *2 (D. Conn. May 15, 2023) (considering a challenge to FSA time credit calculation on a § 2241 petition).

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the Court "take[s] all uncontroverted facts in the complaint (or petition) as true, and draw[s] all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016). A case is properly dismissed for lack of subject matter jurisdiction if the Court lacks the "statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). If a controversy is moot, a federal court lacks subject matter jurisdiction over it. *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013).

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). A search on the publicly available BOP website under the inmate search function using Petitioner's name shows that Petitioner is currently assigned to the Residential Reentry Management New York Field Office.

### III.    DISCUSSION

#### A.  Mootness of Petitioner's Petition

The Court first concludes that Petitioner's habeas petition is not moot because it meets the requirements of the capable of repetition, yet evading review exception to the mootness doctrine. The exception applies where two circumstances are present:  "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 85 (2d Cir. 2005) (cleaned up); *Pugh v. Goord*, 571 F. Supp. 2d 477, 488 (S.D.N.Y. 2008).

First, the Court finds that the duration element is satisfied, as the BOP, in its discretion, moved Petitioner's release date up by one year (from May 7, 2026, to May 7, 2025) under the assumption that Petitioner would earn the maximum amount of FSA time credits (365 days) allowed under 18 U.S.C. § 3624(g)(3) towards supervised release. *See* ECF No. 37 at 2.  Given this action by the BOP, the issue of whether to credit Petitioner for the classes between her sentencing and arrival at her designated facility can therefore be considered too short to be fully litigated in the ordinary course.

Second, the Court finds that the repetition element is satisfied, as Petitioner remains in BOP custody, subject to its decisions about whether to continue to afford her the 365 FSA time credits it has assumed she would earn.  *See* ECF No. 39 at 5–6.  The "expectation that the dispute will recur must be reasonable, and not wholly speculative." *Pierre-Paul v. Sessions*, 293 F. Supp. 3d 489, 492 (S.D.N.Y. 2018).  Here, the BOP has the discretion to revoke Petitioner's prerelease placement if, at any time before Petitioner is released from BOP custody, Petitioner has not yet earned 365 FSA time credits and the BOP decides no longer to operate under the assumption that

Petitioner would earn that many time credits. Because it does not appear that the BOP's decision to assume Petitioner will earn the maximum of 365 time credits is grounded in a statute, regulation, or other policy with the force of law, it is possible that the BOP could reverse that decision as easily as it made it. The prospect of a change in policy, or a change of position with respect to Petitioner specifically, is not wholly speculative, insofar as it appears there is nothing binding the BOP to its (otherwise generous) decision.

Accordingly, the Court denies Respondent's request to dismiss the petition for lack of subject matter jurisdiction.[2]

B. EBRR and PA Eligibility of Petitioner's Coursework

Even though the Court concludes that Petitioner's habeas petition is not moot, the Court still denies the petition, as the Court finds that Petitioner's programs completed between April 13, 2022, and October 13, 2022, are insufficient to be credited under the FSA.

The FSA allows eligible prisoners to earn time credits for completing evidence-based recidivism reduction programming ("EBRR") or productive activities ("PAs"). 18 U.S.C. § 3632(d)(4)(A); *see also id.* §§ 3635(3), (5) (statutory definitions of "EBRR" and "PA"). The FSA authorizes the Attorney General to develop recommendations regarding EBRRs and PAs, conduct ongoing research and data analysis on such programming, and direct the BOP regarding approval of EBRRs and PAs for FSA time credits. *See* 18 U.S.C. §§ 3631(b)(2), (3); *id.*

---

[2] Although not raised by Petitioner, it appears that, even if the capable of repetition, yet evading review exception to the mootness doctrine did not apply, the voluntary cessation doctrine would. It is "well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation and internal quotation marks omitted). Here, by proceeding on the assumption that Petitioner will earn the full 365 FSA time credits allowed to be credited toward supervised release, Respondent has, effectively, voluntarily ceased the challenged practice of not awarding her FSA time credits for the courses she completed after her sentencing, but before arriving at her designated facility. Unless Respondent showed that "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," *MHANY Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) (citation omitted), it appears likely the voluntary cessation exception would apply.

§§ 3633(a)(5)(A), (C) ("[T]he Attorney General shall . . . direct the Bureau of Prisons regarding . . . the addition of new effective [EBRRs] that the Attorney General finds."). In turn, the BOP has established a formal process for evaluating whether a program meets the criteria for being an EBRR or PA under 18 U.S.C. § 3635. Wolf Decl., ECF No. 37-1 ¶¶ 20–27 (describing procedures for evaluating and rating non-BOP programs and procedures for evaluating BOP programs).

As an initial matter, while the Court agrees with Respondent that "the FSA is unambiguous that it is the responsibility of the Attorney General (through BOP) to determine what programs or activities will qualify as EBRRs and PAs under 18 U.S.C. § 3635," *see* ECF No. 37 at 19, it finds no support for Respondent's assertion that the Court has no authority to review those determinations. Respondent fails to point to any part of the statutory text that unambiguously goes so far as to say that the Attorney General and the BOP have *sole* discretion to determine what qualifies as an EBRR or PA. And none of the cases cited by Respondent to support this proposition even suggest that courts are stripped of jurisdiction to assess such determinations. *See id.* at 19– 21 (citing cases). For her part, Petitioner provides no analysis on this issue at all.

In the Court's review of applicable case law, while "it is clearly with[in] the BOP's discretion to determine what programs will be eligible for receipt of time credits upon successful" completion, *Cohen v. Hudgins*, No. 1:20-cv-211, 2021 WL 6066667, at *4 (N.D.W. Va. Oct. 28, 2021), *report and recommendation adopted*, 2021 WL 5565163 (N.D.W. Va. Nov. 29, 2021), nothing appears to foreclose judicial review of these agency actions. Indeed, at least one another district court has awarded inmates FSA time credits for programs not explicitly approved by the BOP as EBRRs or PAs. *See Cazares v. Hendrix*, 575 F. Supp. 3d 1289, 1299–1300 (D. Or. 2021) (finding ambiguity in the statutory text regarding what qualifies as an EBRR or PA, and ordering the BOP to award inmate credit for completing programming not included in the FSA Approved

Programs Guide); *see also, e.g.*, *Llufrio v. Johns*, No. 5:19-cv-122, 2020 WL 5248556, at *2 (S.D.

Ga. Aug. 13, 2020) ("[I]t will be for the BOP *first* to determine whether to award [petitioner] time

credit, not this Court." (emphasis added)), *report and recommendation adopted*, 2020 WL

5245133 (S.D. Ga. Sept. 2, 2020).   Thus, the Court assumes, without deciding, that it is not

precluded from reviewing the BOP's decisions regarding what types of courses qualify as EBRRs

and PAs.  *Cf. Loper Bright Enters. v. Raimondo*, __ U.S. __, 144 S. Ct. 2244, 2263 (2024) ("When

the best reading of a statute is that it delegates discretionary authority to an agency, the role of the

reviewing court" is "to independently interpret the statute and effectuate the will of Congress

subject to constitutional limits," such as "recognizing constitutional delegations, fixing the

boundaries of the delegated authority, and ensuring the agency has engaged in reasoned

decisionmaking within those boundaries") (internal citations and punctuation omitted).

Although the Court may no longer defer completely to an agency's interpretation of an

ambiguous law under *Loper Bright*, courts may still rely on an agency's interpretation of a statute

within its purview for guidance.  *Id.* at 2262; *see also, e.g.*, *Clinkenbeard v. King*, Civ. No. 23-

3151 (JRT/LIB), 2024 WL 4355063, at *4 (D. Minn. Sept. 30, 2024) (court taking note of the

BOP's experience with implementing the FSA and finding its reading of the FSA accurate).  Here,

Petitioner argues that the BOP's regulations prohibiting an inmate from earning FSA time credits

until her risk and needs assessment occurs at her designated facility are unreasonable.  But the

Court need not decide this issue because even if it assumes, without deciding, that BOP *can* credit

an inmate for classes taken before she arrives at her designated facility, it is clear that the classes

Petitioner took would not qualify.

First, Petitioner makes no argument that the BOP regulations *for evaluating whether a*

*program qualifies as an EBRR or PA* are unreasonable.  *See Loper Bright*, 144 S. Ct. at 2263

(noting that a court may examine whether an agency has engaged in "reasoned decisionmaking" within its delegated authority).  The Court independently finds that these regulations are reasonable, as the BOP's definition of "EBRR" is nearly identical to its statutory definition, and the BOP's definition of "PA" is even broader than its statutory definition.  *Compare* 18 U.S.C. § 3635(3) (defining "EBRR" as an activity that, in part, "has been shown by empirical evidence to reduce recidivism or is based on research indicating that it is likely to be effective in reducing recidivism"), *with* 28 C.F.R. § 523.41(a) (same); *compare* 18 U.S.C. § 3635(5) (defining "PA" as an activity "designed to allow prisoners determined as having a minimum or low risk of recidivism to remain productive"), *with* 28 C.F.R. § 523.41(b) (defining "PA" as an "activity that allows an inmate to remain productive and thereby maintain or work toward achieving a minimum or low risk of recidivating").  The BOP's process for reviewing and approving a program as an EBRR or PA involves investigating whether the program reduces recidivism, which is precisely what the FSA requires.[3]  *See* First Step Act Annual Report, April 2023, ECF No. 37-5 at 20; Review of External Programs Submitted – General, ECF No. 37-4 at 1–2.

Second, the diabetes, ethics, and soft skills programming Petitioner took between April 13, 2022, and October 13, 2022, would not qualify as EBRRs or PAs under these regulations. Petitioner does not argue that empirical evidence has demonstrated these programs reduce recidivism or are likely to be effective in doing so.  Nor does Petitioner offer any information as to what these programs covered, in order to aid the Court in assessing the programs' eligibility. Based on the information offered by Respondent, the Court finds that these three programs would not qualify as EBRRs or PAs under the BOP's regulations.  The diabetes program completed by

---

[3] The BOP also looks at additional criteria when evaluating external programs for FSA credit eligibility, including: (1) the requirements of the program and/or specifications; (2) the populations or subpopulations the program was designed for; (3) criminogenic or other critical needs of inmates the program was designed to address; (4) program characteristics; and (5) program costs and time.  *See* ECF No. 37-4 at 1–2.

Petitioner was approximately three hours long and taken over the course of four days.  *See* Pet'r Transcript, ECF No. 6 at 2.  The short length of this program, compared to the weekslong diabetes-related programs approved as PAs by the BOP, *see* Wolf Decl. ¶¶ 34–36, suggests that Petitioner's diabetes program is nowhere near as comprehensive or long enough to be an "activity that allows [Petitioner] to remain productive and thereby maintain or work toward achieving a minimum or low risk of recidivating."  *See* 28 C.F.R. § 523.41(b).  And while the ethics and soft skills programming were both approximately twelve hours long and taken over the course of several weeks, ECF No. 6 at 2, and addressed skills and attributes that may aid Petitioner's success in the workplace, Wolf Decl. ¶ 37, the Court is unable to discern how these two programs reduce recidivism or are likely to be effective in doing so.  Moreover, none of these programs have been submitted for EBRR/PA review under the BOP's formal process, and there is no evidence that MDC Brooklyn, where Petitioner took the courses, has attempted to classify these courses as EBRRs or PAs.  *See id.* ¶¶ 23–24, 27, 36–37.

As a result, the Court cannot find that the courses Petitioner completed between April 13, 2022, and October 13, 2022, are sufficient to be credited under the FSA.  Accordingly, the Court denies Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241.

C.  Petitioner's Request for Home Confinement

To the extent Petitioner requests that the Court order the BOP to place her on home confinement rather than placement at an RRC, the Court does not have the authority to so order, as the decision is solely within the BOP's discretion.  The BOP's "designation of a place of imprisonment . . . is not reviewable by any court."  18 U.S.C. § 3621(b); *Milchin v. Warden*, No. 3:22-cv-195 (KAD), 2022 WL 1658836, at * 2 (D. Conn. May 25, 2022) ("Any decision of BOP relating to the place of confinement 'is not reviewable by any court.'" (citing *id.*)); *United States*

*v. Kanagbou*, 726 F. App'x 21, 25 n.1 (2d Cir. 2018).  The BOP decided to place Petitioner at the RRC through its authority under the Second Chance Act, codified at 18 U.S.C. § 3624.  District courts within the Second Circuit have "uniformly held" that decisions regarding pre-release custody placement under the Second Chance Act rest solely within the discretion of the BOP. *Bortner v. Stover*, No. 3:24-cv-281 (VAB), 2024 WL 3595922, at *3 (D. Conn. July 31, 2024) (collecting cases).  In addition, "the BOP's decision regarding the place of imprisonment of a sentenced defendant is exempt from judicial review under the APA." *United States v. McMillan*, 741 F. App'x 856, 857 (2d Cir. 2018) (summary order) (citing 18 U.S.C. § 3625).

If Petitioner has already been transferred from an RRC to home confinement, this issue is moot.  And even if she was not, the Court lacks the power to order the BOP to place her in home confinement; this is a decision reserved solely for the BOP.  Accordingly, to the extent Petitioner seeks an order that she be placed on home confinement through her motion for judgment, that request is denied.

## IV.    CONCLUSION

For the reasons described herein, the Court denies Respondent's request to dismiss the petition, denies Petitioner's writ of habeas corpus petition, and denies Petitioner's motion for judgment, ECF No. 31.

The Clerk is directed to close this case.


**SO ORDERED** at Hartford, Connecticut, this 17th day of December, 2024.


           */s/ Sarala V. Nagala*
           SARALA V. NAGALA
           UNITED STATES DISTRICT JUDGE